IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

KEITH CARROLL,                                  )
                                                )
            Plaintiff,                          )
                                                )   Case No: 1:18-cv-222-AJT/IDD
v.                                              )
                                                )
                                                )
SNAKE HILL FARM, LLC, dba GOODSTONE             )
INN & RESTAURANT                                )
                                                )
Serve: Chief Executive                          )
       In His/Her Official Capacity             )
       Snake Hill Farm, LLC Headquarters        )
       1925 N. Lynn Street, Suite 901           )
       Arlington, VA 22209                      )
                                                )
            Defendant.                          )

## COMPLAINT

The above-named Plaintiff, Keith Carroll, by counsel, states as his Complaint against Defendant Snake Hill Farm, LLC, dba Goodstone Inn & Restaurant ("Defendant"), the following:

## I.  JURISDICTION

1.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq*.

2.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(1)-(3) because Defendant's principal place of business is in this District, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District,

and Defendant is subject to personal jurisdiction in this District.

## II.  THE PARTIES

3.      Plaintiff is an adult resident of this District.  Plaintiff is permanently blind and uses a screen reader in order to access the internet and read website content, and thus qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.  Despite several attempts to use and navigate Defendant's website, www.goodstone.com, Plaintiff has been denied the full use and enjoyment of the facilities, services, privileges, advantages, and accommodations of goodstone.com as a result of accessibility barriers on goodstone.com.  The access barriers on goodstone.com have caused a denial of Plaintiff's full and equal access multiple times.  Similarly, the access barriers on goodstone.com have deterred Plaintiff from using Defendant's online services, privileges, advantages, and accommodations and likewise visiting Defendant's Goodstone Inn & Restaurant location in Middleburg, Virginia.

4.      Plaintiff is informed and believes, and thereon alleges, that Defendant is a Virginia limited liability company with its principal place of business located in Arlington, Virginia, and which does business as Goodstone Inn & Restaurant. Plaintiff is informed and believes, and thereon alleges, that Defendant owns and operates the Goodstone Inn & Restaurant in Virginia.  The Goodstone Inn & Restaurant location constitutes a place of public accommodation.  Defendant's

2

location provides to the public important goods and/or services, privileges, advantages, and accommodations. Defendant also provides to the public the goodstone.com website. Goodstone.com provides access to Defendant's array of services, privileges, advantages, and accommodations, including, but not limited to, a locator for Defendant's location so that a potential customer may determine from the website whether to visit the location, descriptions of its types of resort and restaurant services, including for such special events as wedding and meetings, other pages that enable users to determine Defendant's products and services, privileges, advantages, and accommodations, and many other benefits related to Defendant's facilities and services, privileges, advantages, and accommodations. Defendant's location is a public accommodation within the definition of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181(7). Based on the information, services, tools, and locator related to Defendant's location provided on Defendant's website, goodstone.com is a service, privilege, advantage, and accommodation of Defendant's location. Additionally, based thereon, goodstone.com is a service, privilege, advantage, and accommodation that is heavily integrated with this location.

5. At all times relevant to the Complaint, Defendant was acting through its agents, servants and/or employees.

### III. FACTUAL BACKGROUND

### Applicability of the ADA to Commercial Websites

6.     The internet has become a significant source of information, a portal and tool for conducting business, and a means for doing everyday activities such as shopping, banking, etc. for both the sighted and blind, and/or visually-impaired persons.

7.     Blind individuals may access websites by using keyboards in conjunction with screen-reading software that vocalizes visual information on a computer screen.  Screen access software provides the only method by which a blind person may independently access the internet.  Unless websites are designed to be read by screen reading software, blind persons are unable to fully access websites and the information, products and services, privileges, advantages, and accommodations contained thereon.

8.     The international website standards organization, W3C, has published version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0").  WCAG 2.0 are well-established guidelines for ensuring websites are accessible to blind and visually-impaired people.  These guidelines are successfully followed by numerous large business entities to ensure their websites are accessible.  These guidelines recommend several basic components for making websites accessible including, but not limited to:  adding invisible alternative text to graphics; ensuring that all functions can be performed using a keyboard and not just a mouse; ensuring that

4

image maps are accessible; and adding headings so that blind people can easily navigate websites. Without these very basic components, a website will be inaccessible to a blind or visually-impaired person using a screen reader.

9.      Within this context, numerous federal courts have recognized the viability of ADA claims against commercial website owners/operators with regard to the accessibility of such websites.

### The Inaccessibility of Defendant's Website to the Visually-Impaired

10.      Defendant offers the commercial website, goodstone.com, which provides, as set forth above, a breadth of information concerning the location it operates, information and descriptions of its amenities and services, privileges, advantages, and accommodations, and allows users to find the location for them to visit. *Robles v. Yum! Brands, Inc.*, Case No 2:16-cv-08211-ODW(SS), 2018 WL 566781, at *8 (C.D. Cal. Jan. 24, 2018) (denying defendant's motion for summary judgment), *Rios v. New York & Co., Inc.*, No. 2:17-cv-04676-ODW(AGRx), 2017 WL 5564530, at *7 (C.D. Cal. Nov. 16, 2017) (denying defendant's motion for judgment on the pleadings); *Access Now, Inc. v. Blue Apron, LLC*, No. 17-cv-116-JL, 2017 WL 5186354, at *11 (D.N.H. Nov. 8, 2017) (Laplante, C.J.) (denying motion to dismiss); *Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 404 (E.D.N.Y. 2017) (Weinstein, J.) (denying motion to dismiss); *Gil v. Winn-Dixie Stores, Inc.*, 257 F. Supp. 3d 1340, 1349 (S.D. Fla. 2017) (finding that the defendant, a large supermarket chain, had violated the plaintiff's rights under the ADA by failing to maintain an accessible website after a non-jury trial).

11.     Based on information and belief, it is Defendant's policy and practice to deny blind users, including Plaintiff, equal enjoyment of and access to goodstone.com.  Due to Defendant's failure and refusal to remove access barriers on goodstone.com, Plaintiff and other blind and visually impaired individuals have been denied equal enjoyment of and access to Defendant's location and to the other services, advantages, privileges, and accommodations offered to the public through goodstone.com.

12.     Defendant denies blind individuals equal enjoyment of and access to the services, privileges, advantages, and accommodations and information made available through goodstone.com by preventing them from freely navigating goodstone.com.  Goodstone.com contains access barriers that prevent the full and equal enjoyment and use by Plaintiff and other blind persons using screen reading software.

13.     Goodstone.com's barriers are pervasive and include, but are not limited to, the following:

(1) Empty or missing form labels which present a problem because if a form control does not have a properly associated text label, the function or purpose of that form control may not be presented to screen reader users. Form labels provide visible descriptions and larger clickable targets for form controls;

(2) Empty headings, which means that a heading has no content.  This is a problem because some users, especially keyboard and screen reader users, often navigate by heading elements. An empty heading will present no information and

6

may introduce confusion;

(3) Empty links that contain no text causing the function or purpose of the link to not be presented to the user. This can introduce confusion for keyboard and screen reader users; and

(4) Redundant Links where adjacent links go to the same URL address which results in additional navigation and repetition for keyboard and screen reader users.

14.     Due to the inaccessibility of goodstone.com, blind and otherwise visually impaired customers who use screen readers have been hindered from effectively browsing for Defendant's location, amenities and services, privileges, advantages, and accommodations that exist online unlike sighted users.     If goldstone.com were accessible, Plaintiff would independently and privately investigate Defendant's services, privileges, advantages, and accommodations and amenities, and found the location to visit via Defendant's website as sighted individuals can and do.

15.     Despite several attempts to use goodstone.com in recent months, the numerous access barriers contained on Defendant's website have denied Plaintiff's full and equal access, and deterred Plaintiff on a regular basis from accessing Defendant's website.  Similarly, based on the numerous access barriers contained on goodstone.com, Plaintiff has been deterred from visiting Defendant's physical location that Plaintiff would have located and visited by using goodstone.com.

## COUNT I: Violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

16.    Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs as if fully set forth herein.

17.    Section 302(a) of Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, provides:  "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).

18.    Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations"; and "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result

in an undue burden". 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii). "A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense." 28 C.F.R. § 36.303(a). In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 36.303(c)(1)(ii). "The term 'auxiliary aids and services' **includes [] screen reader software**." 28 C.F.R. § 36.303(b)(2) (emphasis added).

19.     Defendant's location is a "public accommodation" within the meaning of 42 U.S.C. § 12181 *et seq.* Defendant generates millions of dollars in revenue from the sale of its amenities and services, privileges, advantages, and accommodations in Virginia through its location and related services, privileges, advantages, and accommodations and goodstone.com. Goodstone.com is a service, privilege, advantage, and accommodation provided by Defendant that is inaccessible to patrons who are visually-impaired like Plaintiff. This inaccessibility denies visually-impaired patrons full and equal enjoyment of and access to the facilities and services, privileges, advantages, and accommodations that Defendant made available to the

non-disabled public through its website.   Defendant violates the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, in that Defendant denies visually-impaired customers the services, privileges, advantages, and accommodations provided by goodstone.com and connected to its places of public accommodation.   These violations are ongoing.

20.    Defendant's actions constitute discrimination against Plaintiff on the basis of a disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* in that:   Defendant has constructed a website that is inaccessible to Plaintiff; maintains the website in this inaccessible form; and has failed to take adequate actions to correct these barriers even after being notified of the discrimination that such barriers cause.

21.    Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

WHEREFORE, Plaintiff Keith Carroll prays that this Honorable Court grant the following remedies:

1.    For a judgment that Defendant violated Plaintiff's rights under the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.*

2.    For preliminary and permanent injunctive relief pursuant to 42 U.S.C. § 12188(a)(1) and (2), requiring Defendant to:

10

a.      ensure that its website, goodstone.com, is easily accessible by individuals who are visually-impaired and who use computers, including laptops, tablets, and smartphones;

b.      ensure that individuals who are visually-impaired have an equal opportunity to participate in and benefit from the goods, services, facilities, privileges, advantages, and accommodations provided through its website;

c.      adopt and implement website accessibility policies which ensure that its website is fully and equally accessible to the visually-impaired;

d.      require any third party vendors who participate on its website ensure that it is fully and equally accessible to the visually-impaired;

e.      make publicly available, and provide a direct link on the homepage of its website, to a statement of Accessibility Policy to ensure that the visually-impaired have full and equal enjoyment of its website;

f.      provide quarterly mandatory website accessibility training to all employees who write or develop programs or code for, or who publish final content to, its website, as to how to conform all web content and services with criteria to ensure that the visually-impaired have full and equal enjoyment of its website; and

g.      conduct quarterly automated accessibility test of its website to identify any instances where the website is no longer in conformance with criteria that ensures that the visually-impaired have full and equal enjoyment of its website;

11

3.      For attorneys' fees and expenses;

4.      For costs of suit; and

5.      A judgment for all such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Thomas E. Strelka
Thomas E. Strelka, VA Bar No. 75488
L. Leigh R. Strelka, VA Bar No. 73355
STRELKA LAW OFFICE, PC
119 Norfolk Avenue, SW,
Warehouse Row, Suite 330
Roanoke, Virginia 24011
Phone: (540) 283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com


Scott J. Ferrell, Esq.
Victoria Knowles, Esq.
Pacific Trial Attorneys
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660
Phone: (949) 706-6464
Fax: (949) 706-6469
sferrell@pacifictrialattorneys.com
vknowles@pacifictrialattorneys.com

*Counsel for Plaintiff*